Limin Zheng (Cal. Bar. #226875)
lzheng@micleangleason.com
MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290
Belmont, CA 94002
Telephone:  (650) 394-8109

Adam R. Steinert (MN Reg. #0389648, admitted *pro hac vice*)
asteinert@fredlaw.com
Anne E. Rondoni Tavernier (MN Reg. #0398516, admitted *pro hac vice*)
arondonitavernier@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

Attorneys for Defendant
MAGZTER, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIFEX SOFTWARE, INC.,<br><br>         Plaintiff,<br><br>      v.<br><br>MAGZTER, INC.<br><br>         Defendant. | Case No:  5:20-cv-01885-VKD<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. BREACH OF CONTRACT**<br>**3. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Magzter, Inc. ("Magzter"), for its Answer to Plaintiff's Complaint, states under oath as follows:

1.     Artifex is the owner of MuPDF, a leading program used to interpret certain page description language files, such as Adobe Systems Incorporated's ("Adobe") Portable Document Format ("PDF") files. MuPDF is a widely used PDF interpreter and far outperforms its competitors on reliability and performance benchmarks. In addition to offering commercial licenses to MuPDF, Artifex has licensed and continues to license MuPDF to the public under conditional open source

licenses—such as the GNU General Public License version 3.0 ("GNU GPL") and the GNU Affero General Public License ("GNU AGPL") (collectively, "the GPL open source licenses")—to further promote the advancement of interpreter technologies.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies the allegations.

2.    Defendant Magzter has unlawfully, willfully, and for commercial advantage copied, used, and incorporated Artifex's copyrighted MuPDF software into at least 50 mobile applications without the consent of Artifex in violation of federal law and to Artifex's detriment. Almost 8 months after first being contacted by Artifex regarding Magzter's infringing use of MuPDF, a "Senior Teach Lead" from Magzter reached out to Artifex claiming that Magzter would "like to get the license for using MUPDF Library in [Magzter's] applications." Yet Magzter has never entered into a commercial license from Artifex for Magzter's use and distribution of MuPDF. Further, Magzter has abused Artifex's altruism by reaping the benefits of a MuPDF license under the GNU AGPL or, in the alternative, the GNU GPL without complying with the terms of those licenses. Accordingly, Magzter's use and distribution of MuPDF in its software is and has been unlicensed and unauthorized.

**ANSWER**:  Magzter admits that it previously incorporated MuPDF software into various applications pursuant to licenses under the GPL and/or AGPL.  Magzter admits that one of its employees reached out to Artifex to inquire about the terms of a commercial license, which Artifex never provided.  Magzter admits that it has not entered into a commercial license with Artifex. Magzter denies the remaining allegations in Paragraph 2.

3.    After discovering Magzter's infringement of Artifex's valuable copyright in MuPDF and abuse of the GPL open source licenses, Artifex demanded that Magzter cease its infringement and remit to Artifex appropriate compensation for Magzter's unlicensed use of MuPDF.  Ignored by Magzter, Artifex turns to this Court to enjoin Magzter from further infringement and to seek relief and recovery for Magzter's copyright infringement and abuse of Artifex's open source licenses.

1    **ANSWER**:  Magzter admits that it received a letter from Artifex demanding that it cease the

2    use of MuPDF pursuant to the GPL and/or AGPL.  Magzter denies the remaining allegations in

3    Paragraph 3.

4                                    **NATURE OF THE CASE**

5    4.    This action seeks to enjoin Magzter from unauthorized and unlawful use of Artifex's

6    copyright in MuPDF and to hold Magzter accountable for injury inflicted by its copyright

7    infringement and breach of the GNU AGPL or, in the alternative, the GNU GPL.

8    **ANSWER**:  Magzter admits that Plaintiff purports to bring a copyright action but denies that

9    Plaintiff states any valid claim for relief. Magzter denies the remaining allegations in Paragraph 4.

10    5.    Artifex seeks permanent injunctive relief and damages under the laws of the United

11    States and the State of California.

12    **ANSWER**:  Magzter admits that Plaintiff purports to bring an action for injunctive relief but

13    denies that Plaintiff states any valid claim for relief.  Magzter denies the remaining allegations in

14    Paragraph 5.

15                                          **PARTIES**

16    6.    Plaintiff Artifex is a California corporation with its principal place of business at

17    1305 Grant Avenue, Suite 200, Novato, California 94945.

18    **ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the

19    truth of the allegations in Paragraph 6 and on that basis denies them.

20    7.    Defendant Magzter is a Delaware corporation with its principal place of business at

21    One Rockefeller Plaza, 11th Floor, New York, New York 10020. On information and belief,

22    Magzter does business in California and has offered and distributed its infringing products

23    incorporating MuPDF in California through the Internet, at least through California-based Google

24    Inc.'s Google Play marketplace.

25    **ANSWER**:  Magzter admits that it is a Delaware corporation with a principal place of

26    business in New York, New York at One Rockefeller Plaza, 11th floor.  Magzter admits that it

27    distributes products through the Google Play marketplace.  Magzter denies the remaining allegations

28    in Paragraph 7.

**JURISDICTION AND VENUE**

8.      Artifex's claim for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Artifex also brings a related state law claim for breach of contract.

**ANSWER**:  Paragraph 8 contains legal conclusions to which no response is necessary.  To the extent a response is required, Magzter admits that Plaintiff purports to bring an action under the Copyright Act under 17 U.S.C. § 101 *et seq*. and state law claims for breach of contract, but denies that Plaintiff states any valid claim for relief.

9.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367.

**ANSWER**:  Magzter admits that a proper claim for relief under the Copyright Act would be within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, but denies that Plaintiff states any valid claim for relief.

10.      This Court has specific personal jurisdiction over Magzter as it, through (1) its offering and distribution of its infringing products containing MuPDF through the Internet to citizens of California and (2) conducting business with companies in California, such as Google Inc. and Artifex—including entering into the GNU AGPL or the GNU GPL with Artifex— purposefully committed within California the acts from which these claims arise and/or committed tortious acts outside California, knowing and intending that such acts would cause injury within the state to Artifex, a California corporation. The Court also has general personal jurisdiction over Magzter as it conducts continuous, systematic, and routine business through the Internet within the state of California and within the jurisdiction of this Court, which makes Magzter essentially at home in California.

**ANSWER**:  Paragraph 10 states legal conclusions to which no answer is necessary.  To the extent an answer is required, Magzter denies that it is subject to personal jurisdiction in California. Magzter admits that it distributes products through the Google Play marketplace.  Magzter denies the remaining allegations in Paragraph 10.

11.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a).

1    **ANSWER**:  Paragraph 11 states legal conclusions to which no answer is necessary.  To the

2    extent an answer is required, Magzter denies that venue is proper under 28 U.S.C. §§ 1391 and

3    1400(a).

4                                   **INTRADISTRICT ASSIGNMENT**

5         12.    This is an Intellectual Property Action and therefore assignment to any division of the

6    Court is proper pursuant to Civil L.R. 3-2(c). Artifex believes assignment to the San Francisco

7    division is particularly appropriate given its proximity to the principal offices of Artifex as well as

8    Artifex's counsel of record.

9         **ANSWER**:  Magzter admits that Plaintiff purports to bring an action relating to intellectual

10   property, but denies that the Complaint states any valid claim for relief.  Magzter lacks knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12

12   and on that basis denies them.

13                                      **GENERAL ALLEGATIONS**

14                                         **Artifex and MuPDF**

15        13.    Artifex is a closely-held, private corporation that was formed in 1993 and is

16   headquartered in Novato, California. Artifex develops and licenses software products that interpret

17   files written in a page description language ("PDL").

18        **ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegations in Paragraph 13 and on that basis denies them.

20        14.    A PDL is a computer language developed for describing the contents of a printed

21   page. A widely used example of a PDL is the Portable Document Format ("PDF") developed by

22   Adobe Systems Incorporated ("Adobe"). PDF files generally allow for a document created on one

23   platform to be displayed and/or printed on another platform exactly as it had been on the first. This is

24   true regardless of whether the document consists of graphics, text, or both. Moreover, PDF files will

25   display text on the screen as it would be displayed on printed pages regardless of the font that the

26   text was created in and regardless of whether the displaying computer (or printer) is loaded with

27   such fonts. Fonts used in PDF files are embedded with the PDF file itself, eliminating the need for

28   both computers to install the same fonts. PDF files, moreover, are generally created from the print

1 | stream generated by a program. A PDF creator will capture the information from the print stream
2 | and convert it into a PDF file. One drawback of PDF files is that, in general, they cannot be edited
3 | once the underlying document is encapsulated as a PDF file. These are called "static" PDF files.

4 | **ANSWER**:  Magzter admits that the Portable Document Format ("PDF") was developed by
5 | Adobe Systems Incorporated ("Adobe") for describing the contents of a printed page.  Magzter
6 | denies the remaining allegations in Paragraph 14.

7 | 15.    MuPDF is a program developed by Artifex that can interpret PDF files.

8 | **ANSWER**:  Magzter admits that MuPDF can interpret PDF files.  Magzter lacks knowledge
9 | or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15
10 | and on that basis denies them.

11 | 16.    MuPDF is a widely used PDF interpreter. Artifex has earned the confidence of its
12 | customers through the demonstrated reliability of its products and highly competitive results on
13 | performance benchmarks. These results have been accomplished only through extensive investment
14 | in research and development of the MuPDF software as well as the scrutiny of dozens of external
15 | beta testers and thousands of diverse users on the Internet. Artifex has expended substantial amounts
16 | of money on research and development in order to improve and update MuPDF.

17 | **ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the
18 | truth of the allegations in Paragraph 16 and on that basis denies them.

19 | 17.    Artifex's business is, in part, based on the revenues derived from Artifex's position as
20 | the exclusive commercial licensing agent of MuPDF. Artifex licenses MuPDF to the public under
21 | different licensing schemes. For those seeking to commercially distribute MuPDF or any product
22 | that incorporates MuPDF, Artifex will grant, for a fee, a license to use, modify, copy, and/or
23 | distribute MuPDF.

24 | **ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the
25 | truth of the allegations in Paragraph 17 and on that basis denies them.

26 | 18.    For non-commercial users willing to comply with certain open-source licensing
27 | requirements, Artifex currently provides licenses for MuPDF under the GNU AGPL. A true and
28 | correct copy of the GNU AGPL is attached hereto as **Exhibit 1**. Before February 2013, and at least

since June 2010, Artifex provided licenses for MuPDF under the GNU GPL. A true and correct copy of the GNU GPL is attached hereto as **Exhibit 2**.

**ANSWER**:  Paragraph 18 purports to characterize the contents of documents, which speak for themselves.  Magzter denies the allegations in Paragraph 18 to the extent they contradict or differ from Exhibits 1 and 2.  Magzter admits that Artifex has provided licenses for MuPDF under the GPL and/or AGPL.  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies them.

19.    Artifex does not charge a fee for licenses granted under the GPL open source licenses, which were created to promote the open-source development of software products. Towards that end, the GPL open source licenses grant the end user the right to copy, modify, or distribute complying copies of MuPDF.

**ANSWER**:  Magzter admits that Plaintiff does not charge a fee for licenses granted under the GPL licenses, which grant the end user the right to copy, modify, and distribute copies of MuPDF. Magzter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

**<u>Magzter and Its Infringing Software</u>**

20.    Magzter is a private Delaware corporation headquartered in New York that describes itself as "the world's largest and fastest growing cross platform global digital magazine newsstand." Magzter also claims that "over 4,000 leading publishers" have uploaded their content on Magzter including "a staggering 13,000+ magazines to choose from."

**ANSWER**:  Magzter admits that it is a private Delaware corporation with its principal place of business in New York.  Magzter further admits that on its website, it describes itself as "the World's largest and fastest growing self-service, cross-platform digital newsstand."  Magzter admits that its apps include more than 13,000 magazines from more than 4,000 leading publishers.

21.    On information and belief, at least as early as 2015, Magzter downloaded and used a version of Artifex's MuPDF software then-licensed to non-commercial users under the GNU AGPL. In the alternative, and dependent on the exact date(s) Magzter downloaded the version(s) of MuPDF

1  that Magzter used, Magzter used a version of MuPDF licensed to non-commercial users under the

2  GNU GPL.

3      **ANSWER**:  Magzter admits that it previously incorporated MuPDF software into various

4  applications pursuant to licenses under the GPL and/or AGPL.  Magzter denies the remaining

5  allegations in Paragraph 21.

6      22.    Magzter subsequently incorporated Artifex's MuPDF software into at least 50 of its

7  mobile applications (collectively, the "Infringing Magzter Apps"). Artifex is informed and believes,

8  and based thereon alleges, that Magzter's infringing use of MuPDF is more widespread and may

9  encompass as many as 2,700 mobile applications or more developed by Magzter beyond the 50

10  Infringing Magzter Apps that Artifex has so far identified.

11      **ANSWER**:  Magzter admits that it previously incorporated MuPDF software into various

12  applications pursuant to licenses under the GPL and/or AGPL.  Magzter denies the remaining

13  allegations in Paragraph 22.

14      23.    Magzter's infringing use of MuPDF in its mobile applications including, but not

15  limited to, the 50 Infringing Magzter Apps is ongoing—Magzter has and continues to distribute

16  versions of the Infringing Magzter Apps containing MuPDF to its customers via the Google Play

17  marketplace. As of the date of this Complaint, at least two Infringing Magzter Apps are available for

18  download on the Google Play Store. The two infringing Apps still available for download are

19  "Bonsai Focus" and "India Today Group Magazines."

20      **ANSWER**:  Magzter admits that as of the date of the Complaint, versions of "Bonsai Focus"

21  and "India Today Group Magazines" containing MuPDF were inadvertently still available for

22  download on the Google Play Store.  Magzter denies that any Magzter apps currently available for

23  download contain MuPDF.  Magzter denies the remaining allegations in Paragraph 23.

24      24.    According to the App listings on the Google Play Store, "Bonsai Focus" was last

25  updated on August 19, 2016, and "India Today Group Magazines" was last updated on April 26,

26  2017.

27

28

**ANSWER**:  Magzter admits that as of the date of the Complaint, "Bonsai Focus" had last been updated on August 19, 2016, and "India Today Group Magazines" had last been updated on April 26, 2017.  Magzter denies the remaining allegations in Paragraph 24.

25.    Artifex initially tried to contact Magzter regarding its unauthorized use of MuPDF on or around September 11, 2017. Artifex contacted Magzter using the email addresses for both of Magzter's founders as well as the listed developer on the Infringing Magzter Apps' Google Play web page. Apart from an automated reply that Artifex's request was "being reviewed," Artifex received no response.

**ANSWER**:  Magzter admits that it received a communication from Artifex in the September 2017 timeframe.  Magzter denies the remaining allegations in Paragraph 25.

26.    Artifex is informed and believes, and based thereon alleges, that after Artifex first contacted Magzter, Magzter attempted to replace MuPDF in some, but not all, of the Infringing Magzter Apps.

**ANSWER**:  Magzter admits that following the communication from Artifex, Magzter endeavored to remove the MuPDF software from all of its apps.  Magzter denies the remaining allegations in Paragraph 26.

27.    In June 2018, a "Senior Tech Lead" at Magzter contacted Artifex claiming that Magzter wanted "to get the license for using MUPDF Library in [Magzter's] applications."

**ANSWER**:  Magzter admits that one of its employees reached out to Artifex in the June 2018 timeframe to inquire about the terms of a commercial license, which Artifex never provided. Magzter denies the remaining allegations in Paragraph 27.

28.    Artifex continued its attempts to contact Magzter throughout 2019 to address Magzter's infringing use of MuPDF, but to date, despite retaining counsel and purporting to "investigate" Artifex's claims, Artifex has received no further response regarding Magzter's infringing use of MuPDF.

**ANSWER**:  Magzter denies the allegations in Paragraph 28.

29.    Because Magzter used and distributed MuPDF without a commercial license with Artifex, Magzter has consented to the terms of the GNU AGPL or, in the alternative, the GNU GPL,

and is a party to that agreement with Artifex.[1] The GNU AGPL and the GNU GPL provide at Section 9:

> You are not required to accept this License in order to receive or run a copy of the Program. Ancillary propagation of a covered work occurring solely as a consequence of using peer-to-peer transmission to receive a copy likewise does not require acceptance. However, nothing other than this License grants you permission to propagate or modify any covered work. These actions infringe copyright if you do not accept this License. Therefore, by modifying or propagating a covered work, you indicate your acceptance of this License to do so.

**ANSWER**: Paragraph 29 purports to characterize the contents of a document, which speaks for itself. Magzter denies the allegations in Paragraph 29 to the extent the document contradicts or differs from the allegations in Paragraph 29. Magzter admits that Paragraph 29 contains quoted text that accurately reproduces language from Exhibits 1 and 2 to the Complaint. Magzter admits that its use of MuPDF software was licensed under the GPL and/or AGPL. Magzter denies the remaining allegations in Paragraph 29.

30.    Magzter's use of MuPDF, however, did not comply with the conditions imposed by the GNU AGPL or the GNU GPL.

**ANSWER**: Magzter denies the allegations in Paragraph 30.

31.    On information and belief, Magzter integrates MuPDF into the Infringing Magzter Apps in a way that an end user interfaces with only the Infringing Magzter Apps without any option for opting out of use of MuPDF or the obligations concerning MuPDF under the GNU AGPL or the GNU GPL. The end user is never separately notified that MuPDF is part of the Infringing Magzter Apps. Magzter's use and incorporation of MuPDF is seamless and entirely invisible to the end user.

**ANSWER**: Magzter denies the allegations in Paragraph 31.

32.    Because the Infringing Magzter Apps incorporate MuPDF in this way, Magzter is required to distribute its software with the accompanying source code. The GNU AGPL and the GNU GPL provide at Section 6:

[1] For purposes of this complaint, Artifex alleges alternative breaches of sections of the GNU AGPL and the GNU GPL that are identical both in their language and numbering.

1

2

3

You may convey a covered work in object code form under the terms of sections 4 and 5, provided that you also convey the machine-readable Corresponding Source under the terms of this License, in one of these ways:

4

5

a) Convey the object code in, or embodied in, a physical product (including a physical distribution medium), accompanied by the Corresponding Source fixed on a durable physical medium customarily used for software interchange.

6

7

8

9

10

11

b) Convey the object code in, or embodied in, a physical product (including a physical distribution medium), accompanied by a written offer, valid for at least three years and valid for as long as you offer spare parts or customer support for that product model, to give anyone who possesses the object code either (1) a copy of the Corresponding Source for all the software in the product that is covered by this License, on a durable physical medium customarily used for software interchange, for a price no more than your reasonable cost of physically performing this conveying of source, or (2) access to copy the Corresponding Source from a network server at no charge.

12

. . .

13

14

15

16

17

18

d) Convey the object code by offering access from a designated place (gratis or for a charge), and offer equivalent access to the Corresponding Source in the same way through the same place at no further charge. You need not require recipients to copy the Corresponding Source along with the object code. If the place to copy the object code is a network server, the Corresponding Source may be on a different server (operated by you or a third party) that supports equivalent copying facilities, provided you maintain clear directions next to the object code saying where to find the Corresponding Source. Regardless of what server hosts the Corresponding Source, you remain obligated to ensure that it is available for as long as needed to satisfy these requirements.

19

20

e) Convey the object code using peer-to-peer transmission, provided you inform other peers where the object code and Corresponding Source of the work are being offered to the general public at no charge under subsection 6d.

21

**ANSWER**: Paragraph 32 purports to characterize the contents of a document, which speaks

22

for itself. Magzter denies the allegations in Paragraph 32 to the extent the document contradicts or

23

differs from the allegations in Paragraph 32. Magzter admits that Paragraph 32 contains quoted text

24

that accurately reproduces language from Exhibits 1 and 2 to the Complaint. Magzter denies the

25

remaining allegations in Paragraph 32.

26

33.    On information and belief, Magzter never distributed and has never distributed any of

27

the Infringing Magzter Apps with the accompanying source code or source code offer while the

28

---

11

software incorporated MuPDF. Magzter thus failed to comply with and breached its license to use and distribute MuPDF under the GNU AGPL or the GNU GPL.

**ANSWER**:  Magzter denies the allegations in Paragraph 33.

34.    Artifex has expended and will expend a significant amount of its own resources to enforce Magzter's contractual obligations under the GNU AGPL or the GNU GPL, including the costs incurred in filing this Complaint and the future costs associated with litigating Artifex's claims. Magzter, furthermore, has been unjustly enriched at the expense of Artifex by avoiding the payment of any license fees and distributing the Infringing Magzter Apps, which contain MuPDF in breach of the GNU AGPL or the GNU GPL.

**ANSWER**:  Magzter denies the allegations in Paragraph 34.

35.    The GNU AGPL and the GNU GPL expressly state that any use of a product licensed thereunder or a work containing or derived from that product that does not comply with their respective requirements immediately terminates the licensee's right to use that product. The GNU AGPL and the GNU GPL provide at Section 8:

> You may not propagate or modify a covered work except as expressly provided under this License. Any attempt otherwise to propagate or modify it is void, and will automatically terminate your rights under this License (including any patent licenses granted under the third paragraph of section 11).

**ANSWER**:  Paragraph 35 purports to characterize the contents of a document, which speaks for itself.  Magzter denies the allegations in Paragraph 35 to the extent the document contradicts or differs from the allegations in Paragraph 35.  Magzter admits that Paragraph 35 contains quoted text that accurately reproduces language from Exhibits 1 and 2 to the Complaint.  Magzter denies the remaining allegations in Paragraph 35.

36.    Magzter's failure to distribute source code along with the Infringing Magzter Apps constitutes breach of the requirements set forth in the GNU AGPL and the GNU GPL, as identified above. Magzter's right to copy or distribute MuPDF terminated upon these acts.

**ANSWER**:  Magzter denies the allegations in Paragraph 36.

1

**Artifex's Copyright in MuPDF**

2      37.      MuPDF contains a substantial amount of original material that is copyrightable

3   pursuant to 17 U.S.C. §102. Artifex has complied in all respects with the Copyright Act of 1976, 17

4   U.S.C. §§ 101 *et seq.* and all other laws governing copyright, and has obtained from the Registrar of

5   Copyrights Certificate of Registration No. TX 6-989-229 for MuPDF version 20070105. A true and

6   correct copy of this Certificate of Registration is attached hereto as **Exhibit 3**. Artifex has obtained

7   from the Registrar of Copyrights Certificate of Registration No. TX 8-463-904 for MuPDF version

8   20120906. A true and correct copy of this Certificate of Registration is attached hereto as **Exhibit 4**.

9   Artifex has obtained from the Registrar of Copyrights Certificate of Registration No. TX 8-473-187

10  for MuPDF version 0.5. A true and correct copy of this Certificate of Registration is attached hereto

11  as **Exhibit 5**. Artifex has obtained from the Registrar of Copyrights Certificate of Registration No.

12  TX 8-823-703 for MuPDF version 20100302. A true and correct copy of this Certificate of

13  Registration is attached hereto as **Exhibit 6**. Artifex has obtained from the Registrar of Copyrights

14  Certificate of Registration No. TX 8-842-692 for MuPDF version 20140519.1. A true and correct

15  copy of this Certificate of Registration is attached hereto as **Exhibit 7**. Artifex has obtained from the

16  Registrar of Copyrights Certificate of Registration No. TX 8-842-787 for MuPDF version

17  20140519.2. A true and correct copy of this Certificate of Registration is attached hereto as **Exhibit**

18  **8**. Artifex has obtained from the Registrar of Copyrights Certificate of Registration No. TX 8-842-

19  809 for MuPDF version 20140519.3. A true and correct copy of this Certificate of Registration is

20  attached hereto as **Exhibit 9**. Artifex has obtained from the Registrar of Copyrights Certificate of

21  Registration No. TX 8-843-727 for MuPDF version 1.9. A true and correct copy of this Certificate of

22  Registration is attached hereto as **Exhibit 10**.

23      **ANSWER**:  Magzter admits that the documents attached as Exhibits 3, 4, 5, 6, 7, 8, 9, and 10

24  purport to be copies of U.S. Copyright Certificate of Registration Nos. TX 6-989-229, TX 8-463-

25  904, TX 8-473-187, TX 8-823-703, TX 8-842-692, TX 8-842-787, TX 8-842-809, and TX 8-843-

26  727.  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the

27  remaining allegations in Paragraph 37 and on that basis denies them.

28

38.    Artifex has placed copyright notices on all copies of MuPDF version 20070105, version 20120906, version 0.5, version 20100302, version 20140519.1, version 20140519.2, version 20140519.3, and version 1.9 that it has produced and licensed. Any copies of the programs published by Artifex or under Artifex's authority or license have been published in strict conformity with the provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101 **et seq.**, and all other laws governing copyright.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and on that basis denies them.

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 101 *et seq.*)**

40.    Artifex realleges and incorporates by reference each and every allegation set forth in paragraphs 1-39, inclusive.

**ANSWER**:  Magzter incorporates herein by reference each and every response set forth in Paragraphs 1-39 above.

41.    Before initiating this action, Artifex registered version 20070105 of MuPDF with the United States Copyright Office on October 27, 2009, under Registration No. TX 6-989-229.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies them.

42.    Before initiating this action, Artifex registered version 20120906 of MuPDF with the United States Copyright Office on January 22, 2018, under Registration No. TX 8-463-904.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis denies them.

43.    Before initiating this action, Artifex registered version 0.5 of MuPDF with the United States Copyright Office on February 1, 2018, under Registration No. TX 8-473-187.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis denies them.

44.     Before initiating this action, Artifex registered version 20100302 of MuPDF with the United States Copyright Office on January 10, 2020, under Registration No. TX 8-823-703.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and on that basis denies them.

45.     Before initiating this action, Artifex registered version 20140519.1 of MuPDF with the United States Copyright Office on February 21, 2020, under Registration No. TX 8-842-692.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis denies them.

46.     Before initiating this action, Artifex registered version 20140519.2 of MuPDF with the United States Copyright Office on February 21, 2020, under Registration No. TX 8-842-787.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis denies them.

47.     Before initiating this action, Artifex registered version 20140519.3 of MuPDF with the United States Copyright Office on February 21, 2020, under Registration No. TX 8-842-809.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and on that basis denies them.

48.     Before initiating this action, Artifex registered version 1.9 of MuPDF with the United States Copyright Office on February 21, 2020, under Registration No. TX 8-843-727.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies them.

50.     During all relevant time periods, Magzter has lacked any valid license to shield its infringing conduct.

**ANSWER**:  Magzter denies the allegations in Paragraph 50.

51.     Artifex is entitled to an injunction restraining Magzter, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such acts of reproduction or distribution in violation of federal copyright law.

**ANSWER**:  Paragraph 51 contains legal conclusions to which no answer is necessary.  To the extent an answer is required, Magzter denies the allegations in Paragraph 51.

52.     Artifex is entitled to recover from Magzter the damages Artifex has sustained and will sustain as a result of Magzter's wrongful acts as alleged herein. Artifex is further entitled to recover from Magzter the gains, profits, and advantages Magzter has obtained as a result of its wrongful acts. The full extent of Artifex's damages and the gains, profits, and advantages Magzter has obtained by reason of its aforesaid acts of copyright infringement cannot be determined at this time, but will be proven at trial.

**ANSWER**:  Paragraph 52 contains legal conclusions to which no answer is necessary.  To the extent an answer is required, Magzter denies the allegations in Paragraph 52.

**SECOND CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

**(GNU Affero General Public License)**

53.     Artifex realleges and incorporates by reference each and every allegation set forth in paragraphs 1-52, inclusive.

**ANSWER**:  Magzter incorporates herein by reference each and every response set forth in Paragraphs 1-52 above.

54.     Artifex has performed each of the conditions, covenants, and obligations imposed on it by the terms of the GNU AGPL with Magzter.

**ANSWER**:  Magzter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies them.

55.     Artifex granted Magzter a license to copy and distribute MuPDF under the GNU AGPL. By Magzter's actions as set forth hereinabove, on information and belief, Magzter has substantially and materially breached the GNU AGPL at least by failing to provide the source code of the Infringing Magzter Apps to each licensee or a written offer to provide a copy of the source code upon the request of each licensee.

**ANSWER**:  Paragraph 55 contains legal conclusions to which no response is necessary.  To the extent a response is required, Magzter denies the allegations in Paragraph 55.

56.     As a direct and proximate result of these material breaches by Magzter, Artifex is entitled to an injunction requiring Magzter to distribute to each licensee of the Infringing Magzter Apps the complete corresponding source code for those products.

**ANSWER**:  Paragraph 56 contains legal conclusions to which no response is necessary.  To the extent a response is required, Magzter denies the allegations in Paragraph 56.

57.     Artifex is further entitled to recover from Magzter the damages Artifex has sustained, including consequential damages, for Artifex's costs in enforcing the GNU AGPL. The amounts cannot be determined at this time. Artifex is also entitled to recover as restitution from Magzter any unjust enrichment, including any gains, profits, and advantages that Magzter has obtained as a result of its breach of the GNU AGPL. The amount of such unjust enrichment cannot be determined at this time.

**ANSWER**:  Paragraph 57 contains legal conclusions to which no response is necessary.  To the extent a response is required, Magzter denies the allegations in Paragraph 57.

### THIRD CLAIM FOR RELIEF
### (In the alternative to the Second Claim for Relief)

### BREACH OF CONTRACT

### (GNU General Public License)

58.     Artifex realleges and incorporates by reference each and every allegation set forth in paragraphs 1-57, inclusive.

**ANSWER**:  Magzter incorporates herein by reference each and every response set forth in Paragraphs 1-57 above.

59.     In the alternative, Artifex has performed each of the conditions, covenants, and obligations imposed on it by the terms of the GNU GPL with Magzter.

**ANSWER**:  Paragraph 59 contains legal conclusions to which no response is necessary.  To the extent response is required, Magzter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies them.

60.     In the alternative, Artifex granted Magzter a license to copy and distribute MuPDF under the GNU GPL. By Magzter's actions as set forth hereinabove, on information and belief,

1  Magzter has substantially and materially breached the GNU GPL at least by failing to provide the

2  source code of the Infringing Magzter Apps to each licensee or a written offer to provide a copy of

3  the source code upon the request of each licensee.

4      **ANSWER**:  Paragraph 60 contains legal conclusions to which no response is necessary.  To

5  the extent a response is required, Magzter denies the allegations in Paragraph 60.

6      61.    In the alternative, as a direct and proximate result of these material breaches by

7  Magzter, Artifex is entitled to an injunction requiring Magzter to distribute to each licensee of the

8  Infringing Magzter Apps the complete corresponding source code for those products.

9      **ANSWER**:  Paragraph 61 contains legal conclusions to which no response is necessary.  To

10 the extent a response is required, Magzter denies the allegations in Paragraph 61.

11      62.    In the alternative, Artifex is further entitled to recover from Magzter the damages

12 Artifex has sustained, including consequential damages, for Artifex's costs in enforcing the GNU

13 GPL. The amounts cannot be determined at this time. Artifex is also entitled to recover as restitution

14 from Magzter any unjust enrichment, including any gains, profits, and advantages that Magzter has

15 obtained as a result of its breach of the GNU GPL. The amount of such unjust enrichment cannot be

16 determined at this time.

17      **ANSWER**:  Paragraph 62 contains legal conclusions to which no response is necessary.  To

18 the extent a response is required, Magzter denies the allegations in Paragraph 62.

19                              **PRAYER FOR RELIEF**

20      Defendant denies each and every Paragraph of Plaintiff's Prayer for Relief and denies that

21 Plaintiff is entitled to any of the relief that it seeks in this action.

22                              **ADDITIONAL DEFENSES**

23      By raising the following defenses, Magzter does not assume the burden of proof on any issue

24 that, as a matter of law, is Plaintiff's burden to prove.  Magzter further does not admit any allegation

25 of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in

26 each and every Paragraph above.  Magzter reserves all rights to allege additional defenses that may

27 become known in the course of discovery or otherwise.

28

1. Plaintiff fails to state a claim for copyright infringement because Magzter possessed the appropriate rights to use the MuPDF in the manner so used.

2. Plaintiff's copyright claim fails because Plaintiff impliedly or explicitly, directly or indirectly, authorized, licensed, consented to, or acquiesced to any use, copying, or distribution of MuPDF by Magzter.

3. Plaintiff fails to state a claim for breach of contract because Plaintiff did not identify a contract between itself and Magzter, and because Magzter did not breach any purported contract with Plaintiff.

4. Plaintiff fails to state a claim for relief because its claims against Magzter are barred by the applicable statutes of limitations.

5. Any damages or losses allegedly sustained by Plaintiff are *de minimis*, remote, speculative, or transient and not cognizable at law.

6. Plaintiff's claims are barred by the doctrine of promissory estoppel, based on Magzter's reliance on Plaintiff's representations regarding MuPDF. To the extent Plaintiff alleges Magzter copied, modified, distributed, or used MuPDF in a manner that infringes Plaintiff's copyrights, Magzter did so in reasonable reliance upon Plaintiff's unambiguous promise through its licenses and the licenses posted on its website, and such reliance was expected and foreseeable by Plaintiff.

7. Plaintiff's breach of contract claims fail because any purported contracts between Plaintiff and Magzter are unenforceable due to failure of consideration.

8. Plaintiff's breach of contract claims fail because Magzter did not accept the terms of any purported contracts between Plaintiff and Magzter.

9. If the Court finds that the GNU GPL and/or GNU AGPL are enforceable contracts between Plaintiff and Magzter, Plaintiff's breach of contract claim fails because the parties committed a mistake of fact or law in entering into that contract.

10. The relief sought by Magzter is barred by the doctrine of unclean hands.

1

## JURY DEMAND

2    Magzter hereby demands a trial by jury on all issues so triable.

3

4    Dated:  July 13, 2020                FREDRIKSON & BYRON, P.A.

5                                   By:  **/S/ Adam R. Steinert**

6                                        Adam R. Steinert (admitted *pro hac vice)*

7                                        Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28